IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASEBESTOS LITIGATION | § | |
| DONNA F. WALLS, individually and | § | No. 389, 2016 |
| as the Executrix of the Estate of | § | |
| JOHN W. WALLS, JR., deceased, and | § | |
| COLLIN WALLS, as surviving child, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| Plaintiffs Below, Appellants, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 14C-01-057 |
| FORD MOTOR COMPANY, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: April 5, 2017
Decided: April 21, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 21ˢᵗ day of April, 2017, upon consideration of oral argument, the briefs, and the record below, it appears to the Court that:

(1)     Donna F. Walls and Collin Walls ("Plaintiffs") filed a complaint in Superior Court against Ford Motor Company ("Ford") alleging that Ford was negligent in failing to warn John W. Walls, Jr. ("Mr. Walls") of the dangers posed by servicing asbestos brake parts in Ford vehicles. The complaint alleged that Mr. Walls, the husband and father of the Plaintiffs who worked on Ford and other makes of vehicles for a living, died from exposure to asbestos due to Ford's

negligence. Before trial, Ford moved for summary judgment on liability, claiming that Ford had no duty to warn Mr. Walls about asbestos replacement brake parts manufactured by third party parts suppliers, and that Plaintiffs had failed to produce evidence that Mr. Walls had been exposed to any Ford asbestos brake parts. The Superior Court granted the motion in part, ruling that Ford had no duty to warn Mr. Walls about the dangers associated with third party replacement brake parts. The court denied the remainder of the motion. The case then went to trial limited to negligence claims directed at Ford's original and replacement asbestos brake parts. The jury determined that Ford was not negligent for failing to warn Mr. Walls about the dangers associated with Ford's original or replacement asbestos brake parts.

(2)     The Plaintiffs have not appealed the jury's verdict. Instead, they have appealed the Superior Court's partial summary judgment decision relating to asbestos replacement brake parts made by third party suppliers. They argue that the Superior Court erred when it granted partial summary judgment because Ford had a duty to warn Mr. Walls about the hazards associated with servicing replacement asbestos brake parts manufactured by third parties and installed in Ford vehicles.

(3)     We need not reach the central question presented in this appeal— whether an automobile manufacturer such as Ford has a duty to warn about the

2

dangers associated with replacement brake parts manufactured by third parties for use in its vehicles—because the jury has determined that Ford was not negligent in failing to warn Mr. Walls about the dangers posed by Ford original and replacement asbestos brake parts. If Ford was not negligent for failing to warn about the dangers associated with its original and replacement asbestos brake parts, it could not have been negligent in failing to warn about the dangers of third party asbestos replacement brake parts. Thus, any error in the summary judgment decision would be harmless error. We therefore affirm the decision of the Superior Court.

(4) Mr. Walls spent the majority of his career as an automotive mechanic at his family's service station. From the late 1960s, the service station serviced brakes on Chevrolet and Ford vehicles. Mr. Walls worked at the service station full-time after he graduated high school in 1971. When his father retired in 1986, Mr. Walls and another relative bought the service center.

(5) Mr. Walls regularly completed brake work on Ford vehicles, including removing and installing original Ford and aftermarket brake parts. Plaintiffs alleged that during this time, all brands of replacement brake parts for Ford vehicles contained asbestos, and that Ford was aware that there was no alternative to asbestos-containing brake parts.

(6)     Mr. Walls contracted mesothelioma and died on July 26, 2012. Plaintiffs filed suit in the Superior Court in January 2014 alleging Ford was negligent for failing to warn about the dangers of removing and replacing asbestos-containing brake parts from its vehicles.[1]  On July 29, 2015, after a lengthy period of discovery, Ford moved for summary judgment.  Ford argued that Plaintiffs had failed to produce evidence that Mr. Walls had been exposed to any Ford asbestos-containing brake parts, and that it had no duty to warn when third party replacement brake parts were used.  The Superior Court granted Ford's motion in part.  Relying on its earlier ruling in *Bernhardt v. Ford Motor Company*,[2] the court held that:

> Ford would not be obligated to warn [about] the risk of asbestos exposure from replacement parts that it did not manufacture, even though the plaintiff has argued that Ford vehicles were sold with asbestos components installed and the use of . . . asbestos-containing replacement parts might be foreseeable.  The [c]ourt, therefore, will grant in part the [motion] . . . on the failure to warn claim as to any liability for third-party parts.  [The court does] believe there's . . . [a] genuine issue [of] material fact as to whether or not those replacement parts . . . were also provided by Ford and, therefore, [summary judgment as to the] failure to warn [claim] is denied.[3]

(7)     The Superior Court conducted a jury trial from June 13, 2016 to June 29, 2016.  The jury returned a defense verdict, determining in the special verdict

---

[1] The complaint also alleged claims of strict liability, willful and wanton liability, and conspiracy, and included various other defendants.
[2] 2010 WL 3005580, at *1 (Del. Super. July 30, 2010).
[3] Opening Br. Ex. A. at 27.

form that Ford was not negligent.[4] Because Ford was not found negligent, the jury did not determine whether exposure to Ford asbestos brake parts caused Mr. Walls' death.

(8)    Plaintiffs appealed only the Superior Court's grant of partial summary judgment to Ford, where the Superior Court found as a matter of law that Ford had no duty to warn of the dangers posed by brake parts supplied by third parties. "We review the Superior Court's grant of summary judgment *de novo* to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[5]

(9)    "Among the essential elements that a plaintiff must prove in a negligence-based products liability case is that the defendant had a duty to warn of dangers associated with its product."[6]    "The manufacturer's duty to warn is dependent on whether it had knowledge of the hazards associated with its product."[7] This Court has not addressed whether an automobile manufacturer such as Ford has a duty to warn about the dangers associated with replacement brake

---

[4] App. to Opening Br. at 677 (Special Verdict Form).
[5] *Bantum v. New Castle Cty. Vo-Tech Educ. Ass'n*, 21 A.3d 44, 48 (Del. 2011) (internal quotation omitted).
[6] *In re Asbestos Litig. (Colgain)*, 799 A.2d 1151, 1152 (Del. 2002).
[7] *Id.*; *see also Nicolet, Inc. v. Nutt*, 525 A.2d 146, 150 (Del. 1987) (noting in *dicta* that manufacturer of asbestos products has no duty to warn customers of other asbestos manufacturers regarding hazards of exposure to asbestos).

5

parts manufactured by third parties for use in its vehicles. The Superior Court has answered this question in the negative.[8]

(10) Plaintiffs argue that the Superior Court erred by granting summary judgment to Ford because Ford has a legal duty to warn about the hazards associated not just with a vehicle's component parts, but the vehicle as a whole because it was designed to work with asbestos-containing component parts. According to Plaintiffs, because Ford (1) designed its vehicles to use asbestos brake parts, (2) knew that only asbestos brake parts could be used as a replacements, and (3) knew the dangers of exposure during the replacement process, Ford "had knowledge of the hazards associated with its product," and thus had a duty to warn.[9]

---

[8] *See, e.g.*, *Bernhardt*, 2010 WL 3005580, at *2 ("Because Ford did not manufacture asbestos-containing brakes or clutches, the Court did not hold Ford to an understanding of another manufacturer's asbestos-containing products."); *Wilkerson v. Am. Honda Motor Co., Inc.*, 2008 WL 162522, at *2 (Del. Super. Jan. 17, 2008) (quoting *Powell v. Standard Brands Paint Co.*, 166 Cal.App.3d 357, 364 (1985)) ("The duty to warn does not 'require a manufacturer to study and analyze the products of others and to warn users of risks of products.'"); *Angelini v. Abell-Howe Co.*, 1991 WL 215720, at *5 (Del. Super. Oct. 4, 1991) ("[A] manufacturer has no duty to warn about dangers associated with the use of another manufacturer's products, even when those products may be used in conjunction with the manufacturer's own [products].").

[9] *See, e.g.*, *In re Asbestos Products Liab. Litig. (No. VI)*, 2011 WL 5881008, at *1 (E.D. Pa. July 29, 2011) ("Because Plaintiffs raised a genuine issue of material fact as to whether Mr. Hoffeditz was exposed to replacement brakes between 1968 and 1993, Mr. Hoffeditz suffers from mesothelioma, and Ford knew of the asbestos-containing replacement brakes, this Court concludes that Ford had a duty to warn Mr. Hoffeditz of the known dangers of using replacement brakes."); *McKenzie v. A.W. Chesterson Co.*, 373 P.3d 150, 162 (Or. Ct. App. 2016) ("A jury could find that defendant knew that the Navy required the placement of asbestos-containing parts in and on the exterior of some pumps by defendant's design and pursuant to the Navy's specifications. A jury could also find it was foreseeable to defendant that the Navy would continue to use such parts in and on the pumps on which McKenzie worked and that McKenzie would be exposed to asbestos as a result."); *May v. Air & Liquid Sys. Corp.*, 129 A.3d 984, 990,

6

(11)  Ford argues in response that the "bare metal" defense bars Plaintiffs' claim.  The bare metal defense is an affirmative defense recognized by some jurisdictions which "provides that a manufacturer has no duty to warn about potential dangers from exposure to a part of its product if the manufacturer did not make or distribute the part."[10]  The theory is that the makers of the specific component part are in a better position to warn of its dangers.[11]

(12)  We need not decide the central issue presented on appeal, however, because Ford has raised a preliminary issue we find dispositive—any error by the Superior Court is harmless in light of the jury's finding that Ford was not negligent.  Error is harmless if it would not substantively affect the outcome of the proceedings or a party's substantive rights.[12]  Here, the trial judge instructed the

---

992 (Md. 2015) ("[W]here a manufacturer's product contains asbestos components and those components must be replaced periodically with new asbestos components, the risk of harm to a machinist removing the old and installing the new is highly foreseeable" and "when the noxious component of the product is essential to its intended operation, the connection factor is strengthened, and strongly favors finding a duty to warn.").

[10] Marjorie A. Shields, *Application of the "Bare Metal" Defense in Asbestos Products Liability Cases*, 9 A.L.R.7th Art. 2 (Originally published in 2015).  *E.g.*, *In re Asbestos Litig. (Anita Cosner)*, 2012 WL 1694442, at *1 (Del. Super. May 14, 2012) (holding that under Massachusetts law, a manufacturer is only liable for failure to warn of risks created solely by its own product); *Harris v. Ajax Boiler, Inc.*, 2014 WL 3101941, at *5-6 (W.D.N.C. July 7, 2014) (no duty to warn under North Carolina law of other manufacturers' replacement parts); *Morgan v. Bill Vann Co., Inc.*, 969 F. Supp. 2d 1358, 1366-67 (S.D. Ala. 2013) (finding that "the prevailing majority rule in other jurisdictions is to recognize the 'bare metal defense'"); *Hughes v. A.W. Chesterton Co.*, 89 A.3d 179, 190 (N.J. Super. Ct. App. Div. 2014) ("We do not agree that plaintiffs may prove causation by showing exposure to a product without also showing exposure to an injury-producing element in the product that was manufactured or sold by defendant.").

[11] *See Filer v. Foster Wheeler LLC*, 994 F. Supp. 2d 679, 690 (E.D. Pa. 2014).

[12] *See Czech v. State*, 945 A.2d 1088, 1095 (Del. 2008); *Whittaker v. Houston*, 888 A.2d 219, 223-24 (Del. 2005).

jury to determine whether Ford had a duty to warn Mr. Walls about the risks associated with its asbestos brake parts.[13] In the Special Verdict Form, the jury found that Ford was not negligent for failing to warn Mr. Walls about the dangers associated with using Ford original and replacement asbestos brake parts. If there was no duty to warn about the dangers associated with Ford asbestos replacement brake parts, then there would be no duty to warn about the danger associated with third party asbestos replacement brake parts.

(13)   To avoid this outcome, Plaintiffs argue that offering evidence of third party asbestos replacement brake parts would have improved their chances of success because the jury could then determine whether such additional exposure

---

[13] The instruction entitled "Manufacturer/Seller of Consumer Goods – Duty to Warn" stated as follows:

> A manufacturer / seller must warn about the risks of its product when it knows, or should know, that the product involves a risk of harm when used for the purpose supplied. The standard for determining the manufacturer's duty to warn is whatever a reasonably prudent manufacturer engaged in the same activity would have done. The duty extends not only to the immediate purchaser but also to anyone else who might ordinarily have a risk of harm.

> This duty to warn exists only when the manufacturer / seller has reason to believe that the product's users are not aware of the risk of harm. There is no duty to warn when the user has actual knowledge of the danger. A manufacturer is not required to warn of obvious risks that are generally known and recognized.

The trial judge also instructed the jury on the "Sophisticated Purchaser" defense:

> The duty to warn does not apply when the manufacturer supplies a product to a "sophisticated purchaser." A sophisticated purchaser is one who the manufacturer knows or reasonably believes is aware of the risk of danger. There is no duty to warn the purchaser or its employees about the risks of harm unless the manufacturer knows or has reason to believe that the required warning will fail to reach the employees, the eventual users of the product.

8

increased the harm to Mr. Walls. But Plaintiffs confuse two separate elements of the negligence equation—duty and causation. The jury found that Ford did not owe a duty to warn about the dangers associated with Ford asbestos replacement brake parts. Once the jury determined that no duty to warn existed, it did not reach the issue of causation. Adding additional asbestos replacement parts might have improved Plaintiffs' case on causation, but it was irrelevant to whether Ford in the first instance had a duty to warn of the danger associated with asbestos replacement brake parts.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice